Julio Cesar ESCOBAR–HERNANDEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73691.

Agency No. A79–216–353.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Julio Cesar Escobar–Hernandez, Los Angeles, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Julio Cesar Escobar–Hernandez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution based on political opinion. Because there is no evidence that the conduct occurred on account of political opinion, petitioner fails to establish eligibility for asylum. *See id.* Because petitioner failed to establish eligibility for asylum based on political opinion, it follows that petitioner failed to establish eligibility for withholding of removal based on political opinion. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that petitioner failed to show that it was more likely than not that petitioner will be tortured if returned to El Salvador. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002); *see also Zheng v. Ashcroft,* 332 F.3d 1186, 1188 (9th Cir.2003) (stating that torture must be inflicted by or with the consent or acquiescence of a public official or person acting in an official capacity).

As the government has requested, we grant the petition and remand for the BIA to address whether petitioner establishes eligibility for asylum and withholding of removal based on membership in a particular social group. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Thomas v. Gonzales,* 409 F.3d 1177, 1184–1187 (9th Cir.2005) (en banc).

PETITION FOR REVIEW DENIED IN PART; GRANTED AND REMANDED IN PART.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.